UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00258-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **QUENTIN SPANN,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Letter (#174) in which he calls into question his release date from the Judgment this Court entered January 12, 2017. He contends that he was told that he would be released from custody imposed by this Court's Judgment on February 11, 2017. He does not, however, disclose who told him that he would be released on that date.

In sum, defendant believes he is entitled to credit for time served in state custody while a federal detainer was pending. Review of the letter and the BOP website reveals that defendant is being housed by BOP in a state facility in the Middle District of North Carolina, with a release date of April 17, 2017.

While this court believes strongly that a person convicted of an offense should receive full credit for time served, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334. If petitioner is dissatisfied with the decision rendered by the BOP under

1

§3585(b), he must first exhaust his administrative remedies and only then may he file a §2241 petition <u>in the district of confinement</u>. Defendant is reminded that he is being housed in the Middle District of North Carolina. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then seek judicial review of any jail-time credit determination, <u>Wilson</u>, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 in the district of confinement. <u>Thomas v. Whalen</u>, 962 F.2d 358 (4th Cir.1992).

In sum, a district court does not have the authority to determine the extent of credit toward the service of a term of imprisonment for time spent in official detention at sentencing. <u>See</u> 18 U.S.C. § 3585(b); <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992). Only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. <u>Id.</u> at 334-35.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this Court in his Letter (#174), such relief is **DENIED** without prejudice as to filing an appropriate motion in the district of confinement after exhaustion of administrative remedies.

Signed: February 17, 2017

Max O. Cogburn Jr.
United States District Judge